1

2

3

4

5

6

7

8                         UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    MICHAEL HEMINGWAY,                      No.  2:17-cv-1792-MCE-EFB P

12                  Plaintiff,

13          v.                                ORDER GRANTING IFP AND DISMISSING
                                              COMPLAINT WITH LEAVE TO AMEND
14    CDCR,                                    PURSUANT TO 28 U.S.C. § 1915A

15                  Defendant.

16

17          Plaintiff is a state prisoner proceeding without counsel in an action brought under 42

18    U.S.C. § 1983.  In addition to filing a complaint, he has filed an application for leave to proceed

19    in forma pauperis pursuant to 28 U.S.C. § 1915.

20    **I.     Request to Proceed In Forma Pauperis**

21          Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2).

22    Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect

23    and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C.

24    § 1915(b)(1) and (2).

25    **II.    Screening Requirement and Standards**

26          Federal courts must engage in a preliminary screening of cases in which prisoners seek

27    redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

28    § 1915A(a).  The court must identify cognizable claims or dismiss the complaint, or any portion

                                              1

of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)). While the complaint must comply with the "short and plaint statement" requirements of Rule 8, its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555-557. In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at 678.

Furthermore, a claim upon which the court can grant relief must have facial plausibility. *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

**III.    Screening Order**

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Here, plaintiff's sole claim is that CDCR's failure to find him eligible for

1  parole violates Article 32 of the California Constitution.  Because plaintiff has not alleged that his

2  federal statutory or constitutional rights were violated, his complaint must be dismissed pursuant

3  to § 1915A for failure to state a claim upon which relief could be granted.

4       Moreover, federal review of a parole denial is limited to the narrow question of whether

5  an inmate has received "fair procedures." *Swarthout v. Cooke*, 562 U.S. 216 (2011).  Under that

6  standard, a federal court may only review whether an inmate has received a meaningful

7  opportunity to be heard and a statement of reasons why parole was denied.  *Id.* at 862-63.  Here,

8  there are no allegations showing that plaintiff was denied an opportunity to be heard or denied a

9  statement of reasons for any denial of parole.

10      Plaintiff claims that "CDCR is completely ignoring the Constitution of the State which

11 causes me to remain incarcerated."  ECF No. 1 at 3.  To the extent plaintiff claims his ongoing

12 confinement is unlawful, his claims are barred by *Heck v. Humphrey*, 512 U.S. 477, (1994).  *Heck*

13 holds that if success in a section 1983 action would implicitly question the validity of

14 confinement or its duration, the plaintiff must first show that the underlying conviction was

15 reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or

16 questioned by the grant of a writ of habeas corpus.  *Muhammad v. Close*, 540 U.S. 749, 751

17 (2004).

18      The complaint must also be dismissed for failure to name a proper defendant.  CDCR, the

19 sole defendant, is a state agency that is immune from suit under the Eleventh Amendment.  *See*

20 *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989); *Lucas v. Dep't of Corr.*, 66 F.3d

21 245, 248 (9th Cir. 1995) (per curiam) (holding that prisoner's Eighth Amendment claims against

22 CDCR for damages and injunctive relief were barred by Eleventh Amendment immunity);

23 *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984) (Eleventh Amendment

24 immunity extends to state agencies).

25      For these reasons, the complaint is dismissed.  Plaintiff will be granted leave to file an

26 amended complaint, if he can allege a cognizable legal theory against a proper defendant and

27 sufficient facts in support of that cognizable legal theory.  *Lopez v. Smith*, 203 F.3d 1122, 1126-

28 27 (9th Cir. 2000) (*en banc*) (district courts must afford pro se litigants an opportunity to amend

3

1    to correct any deficiency in their complaints).  Should plaintiff choose to file an amended

2    complaint, the amended complaint shall clearly set forth the claims and allegations against each

3    defendant.  Any amended complaint must cure the deficiencies identified above and also adhere

4    to the following requirements:

5          Any amended complaint must identify as a defendant only persons who personally

6    participated in a substantial way in depriving him of a federal constitutional right.  *Johnson v.*

7    *Duffy*, 588 F.2d 740, 743  (9th Cir. 1978) (a person subjects another to the deprivation of a

8    constitutional right if he does an act, participates in another's act or omits to perform an act he is

9    legally required to do that causes the alleged deprivation).

10         It must also contain a caption including the names of all defendants.  Fed. R. Civ. P. 10(a).

11         Plaintiff may not change the nature of this suit by alleging new, unrelated claims.  *George*

12   *v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

13         Any amended complaint must be written or typed so that it so that it is complete in itself

14   without reference to any earlier filed complaint.  E.D. Cal. L.R. 220.  This is because an amended

15   complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the

16   earlier filed complaint no longer serves any function in the case.  *See Forsyth v. Humana*, 114

17   F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter

18   being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir.

19   1967)).

20         The court cautions plaintiff that failure to comply with the Federal Rules of Civil

21   Procedure, this court's Local Rules, or any court order may result in this action being dismissed.

22   *See* E.D. Cal. L.R. 110.

23   **IV.    Summary of Order**

24         Accordingly, IT IS HEREBY ORDERED that:

25         1.  Plaintiff's request to proceed in forma pauperis (ECF No. 2) is granted.

26         2.  Plaintiff shall pay the statutory filing fee of $350.  All payments shall be collected

27             in accordance with the notice to the California Department of Corrections and

28             Rehabilitation filed concurrently herewith.

4

1    3.  The complaint is dismissed with leave to amend within 30 days.  The complaint

2        must bear the docket number assigned to this case and be titled "Amended

3        Complaint."  Failure to comply with this order will result in dismissal of this

4        action for failure to prosecute.  If plaintiff files an amended complaint stating a

5        cognizable claim the court will proceed with service of process by the United

6        States Marshal.

7    Dated:  June 14, 2018.

8                                    EDMUND F. BRENNAN
                                     UNITED STATES MAGISTRATE JUDGE
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28